UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| CHARIE AUTRY, on behalf of herself ) <br> and all others similarly situated, ) <br>          Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHARLOTTE PALM CORP. ) <br> ) <br>          Defendant. ) | **COLLECTIVE / CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff, Charie Autry ("Autry" or "Plaintiff"), on behalf of herself and all others similarly situated, by and through counsel, brings this collective action for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and this Fed.R.Civ.P. 23 class action for violation of the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§ 95-25.1 *et.seq*.

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit seeks to recover unpaid wages, overtime compensation, misappropriated tips, and statutory penalties for Plaintiff and any similarly situated co-workers, including servers, server assistants, runners, and bartenders ("Tipped Workers") who work or have worked at Charlotte Palm Corp. ("The Palm") located at 6705-B Phillips Place Court, Charlotte, NC 28210.

2. Plaintiff brings this action on behalf of herself and all similarly situated current and former Tipped Workers who elect to opt-in to this action pursuant to the

collective action provision of 29 U.S.C. § 216(b), to remedy violations of the FLSA by The Palm.

3. Plaintiff also brings this action on behalf of herself and all similarly situated current and former Tipped Workers pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the NCWHA, N.C. Gen. Stat. §§ 95-25.1 *et.seq.*

## THE PARTIES

4. Autry is an adult individual who is a resident of Charlotte, North Carolina.

5. Autry was employed by The Palm as a server and a bartender, i.e. a Tipped Worker, from June 2003 to July 31, 2016.

6. A written consent form for Autry is being filed with this Complaint as Exhibit 1.

7. The Palm is a domestic business corporation registered and in good standing in the State of North Carolina since 1996, with its principal place of business located at 6705-B Phillips Place Court, Charlotte, NC 28210.

## JURISDICTION AND VENUE

8. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 *et. seq.*

9. This Court has personal jurisdiction because Defendant conducts business in Mecklenburg County, North Carolina, which is located within this judicial district.

10. Venue is proper in this judicial district because Defendant has substantial business contacts in this district, because the named Plaintiff resides in Mecklenburg

County, North Carolina, and because the unlawful acts alleged herein occurred in Mecklenburg County, North Carolina.

11. The claims for violations of the NCWHA are based on the statutory law of the State of North Carolina. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendent state claims because they arise out of the same nucleus of operative facts as the FLSA claim.

12. All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness and convenience for the parties.

## COVERAGE ALLEGATIONS

13. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

15. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

16. At all times hereinafter mentioned, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

17. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

18. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. §§ 95-25.2(5).

19. At all times hereinafter mentioned, Plaintiff was an employee within the meaning of Section 95-25.2(4) of the NCWHA, N.C. Gen. Stat. §§ 95-25.2(4).

## PLAINTIFF'S FACTUAL ALLEGATIONS

20. Throughout the duration of her employment at the Palm, Plaintiff received biweekly paychecks from Defendant that did not properly record or compensate her for all the hours that she worked.

21. Defendant "shaved" time from the total number of hours Plaintiff worked. In other words, Defendant regularly paid Plaintiff for less time than what was recorded on her time cards, including but not limited to weeks during which she worked overtime.

22. Defendant required Plaintiff to perform work off-the-clock without compensation. Specifically, Defendant maintained a policy and/or practice of requiring Plaintiff to clock out every shift, but then continue performing job duties that included meeting with her manager to review TRAC sheets, confirming with her manager that sidework duties had been completed, and being paid her tips for the shift. These additional duties required Plaintiff to work off-the-clock between 15 and 30 minutes each shift. In addition, Defendant required Plaintiff to maintain and press her work uniform prior to reporting to work each shift. This duty required Plaintiff to work off-the-clock between 10 and 15 minutes each shift.

4

23. Defendant did not permit Plaintiff to retain all the tips she earned. Specifically, Defendant required Plaintiff to participate in a mandatory tip pooling arrangement and share tips with employees who are not entitled to tips under the FLSA. Specifically, Defendant maintained a policy and/or practice of charging private event customers a mandatory service charge, a portion of which was distributed to the "Catering Sales Manager" and kitchen staff.

24. While paying Plaintiff at the sub-minimum tip credit wage, Defendant required Plaintiff to spend over 20 percent of her work time in individual workweeks as a server and bartender performing related non-tipped work and also required her to perform unrelated non-tipped duties that had no customer interaction and that did not generate tips.

25. Defendant maintained checklists for Tipped Workers that identify certain non-tipped duties servers and bartenders are required to perform. The checklists cover opening, closing and cleaning duties for Tipped Workers.

26. During Plaintiff's employment, managers verified that Tipped Workers performed the non-tipped work covered in the checklists described in the previous paragraph.

27. Defendant required Plaintiff to perform non-tipped work before the Palm was open to customers.

28. Defendant required Plaintiff to perform non-tipped work after she was finished serving customers and/or after the Palm was closed to customers.

29. Defendant has no policies prohibiting Tipped Workers from performing certain types, or excessive amounts, of non-tipped work.

5

Case 3:16-cv-00797-GCM   Document 1   Filed 11/18/16   Page 5 of 16

30. Defendant does not record or track the amount of time Tipped Workers spend performing non-tipped work.

## COLLECTIVE ACTION ALLEGATIONS

31. This action is maintainable as an "opt-in" collective action pursuant to the FLSA, 29 U.S.C. § 216(b), as to claims for unpaid minimum wages, unpaid overtime compensation, liquidated damages, and attorneys' fees and costs.

32. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings her First and Second Causes of action, FLSA claims, on behalf of herself and similarly situated employees who have worked as Tipped Workers at the Palm in Charlotte, who elect to opt-in to this action ("Opt-in Plaintiffs).

33. The FLSA § 216(b) collective action class is properly defined as: All current and former employees of Defendant who were employed at the Palm in Charlotte, North Carolina as servers, server assistants, runners, and bartenders, or their functional equivalents, anytime during the three-year period preceding the filing of the Complaint in this action.

34. Consistent with Defendant's policy and pattern or practice, Plaintiff and Opt-in Plaintiffs have not been paid minimum wages for all hours worked and premium overtime compensation for all hours worked beyond 40 per workweek.

35. All of the work that Plaintiff and Opt-in Plaintiffs have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff and Opt-in Plaintiffs have performed.

36. As part of its regular business practice, Defendant has intentionally, willfully and repeatedly engaged in a pattern, practice, and/or policy of violating the

FLSA with respect to Plaintiff and Opt-in Plaintiffs. This policy and pattern and practice includes, but is not limited to:

    (a)    willfully failing to pay its Tipped Workers, including Plaintiff and Opt-in Plaintiffs, minimum wages for all hours worked and premium overtime wages for all hours worked in excess of 40 hours per workweek;

    (b)    willfully failing to pay and record all of the time that its Tipped Workers, including Plaintiff and Opt-in Plaintiffs, have worked for the benefit of Defendant; and

    (c)    willfully requiring its Tipped Workers to perform non-tipped work each shift that is unrelated to their tipped occupation and paying them sub-minimum wages for the time spent performing these duties; and

    (d)    willfully requiring its Tipped Workers to perform non-tipped work for more than 20 percent of their time worked each workweek.

37. Defendants are aware or should have been aware that federal law required them to pay Tipped Workers minimum wages for all hours worked and overtime premiums for all hour worked in excess of 40 per workweek.

38. Plaintiff and Opt-in Plaintiffs perform or performed the same basic job duties, were subject to the same employment policies, practices and procedures, and have been subject to the same unlawful practices alleged herein.

39. Defendant's policy and practice of "shaving" time, described above in Paragraphs 20-21, was applicable to and affected all Tipped Workers.

7

40. Defendant's policy and practice of requiring "off-the-clock" work, described above in Paragraph 22, was applicable to affected all Tipped Workers.

41. Defendant's policy and practice of distributing tips to non-tipped employees, described above in Paragraph 23, was applicable to and affected all Tipped Workers.

42. Defendant's policy and practice of paying sub-minimum tip-credit wages for side-work duties that exceeded 20 percent of work time in individual workweeks, described above in Paragraphs 24- 30, was applicable to and affected all Tipped Workers.

43. Defendant's policy and its policy of paying sub-minimum tip-credit wages for performing unrelated non-tipped duties that had no customer interaction and that did not generate tips, described above in Paragraphs 24- 30, was applicable to and affected all Tipped Workers.

44. Defendant's unlawful conduct has been widespread, repeated, and consistent.

45. There are many similarly situated current and former Tipped Workers who have been denied minimum wage and overtime compensation in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the Opt-in Plaintiffs pursuant to 29 U.S.C. § 216(b).

46. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

47. Plaintiff Charie Autry requests that she be permitted to serve as a representative of those who consent to participate in this action and that this action be granted collective action status pursuant to 29 U.S.C. § 216(b).

## **CLASS ACTION ALLEGATIONS**

48. This action is maintainable as a class action pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure pursuant to NCWHA, N.C. Gen. Stat. §§ 95-25.6, 95-25.7 and 95-25.13 for failure to pay promised and earned wages for all hours worked by Plaintiff and members of the proposed class.

49. Plaintiff proposes the same class for purposes of certification under Rule 23 as under § 216(b) of the FLSA, with the exception that the class period for this state law cause of action is two years from the date of the filing of this Complaint. The proposed class is easily ascertainable. The number and identity of NCWHA class members are determinable from Defendant's payroll records or records over which they have control, as are the hours assigned and worked, the positions held, and the rates of pay for each class member.

50. The proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. While the exact number of class members is unknown to Plaintiff at this time, upon information and belief, the class is comprised of at least 50 persons.

51. There is a well-defined commonality of interest in the questions of law and fact involving and affecting the proposed class in that Plaintiff and all members of the proposed class have been harmed by Defendant's failure to pay earned wages. The common questions of law and fact include, but are not limited to the following:

(a) whether Defendant refused to pay Plaintiff and members of the proposed class promised and earned regular and overtime wages for all hours worked on their regular pay day in violation of NCWHA §§ 95-25.6, 95-25.7 and 95-25.13;

(b) whether Defendant had a policy and/or practice of requiring Plaintiff and the Rule 23 class to work off-the-clock;

(c) whether Defendant had a policy and/or practice of "shaving" time from the total number of hours worked by Plaintiff and the Rule 23 Class and recorded in their time records;

(d) whether Defendant misappropriated tips and/or service charges from Plaintiff and the Rule 23 Class by demanding, handling, pooling, counting, distributing, accepting, and/or retaining tips and/or other service charges paid by customers that were intended for Plaintiff and the Rule 23 Class, and which customers reasonably believed to be gratuities for Plaintiff and the Rule 23 Class; and

(e) Whether Defendant's refusal to pay such compensation is in violation of NCWHA.

52. The claims of Plaintiff are typical of those claims that could be alleged by any Putative Class Member and the relief sought is typical of the relief that would be sought by each member of the class in separate actions. All class members were subject to the same compensation practices of Defendant; i.e. refusing to timely pay promised and earned wages. The compensation policies and practices of Defendant affected all class members similarly, and Defendant benefitted from the same type of unfair and/or wrongful acts as to each class member. Plaintiff and members of the

proposed class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures.

53. Plaintiff is able to fairly and adequately protect the interests of all members of the class, and there are no known conflicts of interest between Plaintiff and members of the proposed class. Plaintiff has retained counsel who are experienced and competent in both wage and hour and complex class action litigation.

54. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the loss, injuries, and damages suffered by each of the individual class members are modest, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.

55. Important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for adjudication of individual litigation and claims would be substantial and substantially more than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for the Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The

issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

## COUNT I

**(Violation of Fair Labor Standards Act – Minimum Wages Collective Action)**

56. Plaintiff incorporates by reference paragraphs 1-55 of her Complaint.

57. Count I arises from Defendant's violation of the FLSA, for its failure to pay all minimum wages earned by Plaintiff and similarly situated Tipped Workers.

58. Defendant violated the FLSA by requiring Plaintiff and similarly situated Tipped Workers to perform non-tipped work that is unrelated to their tipped occupation without paying them full minimum wage.

59. Defendant violated the FLSA by requiring Plaintiff and similarly situated Tipped Workers to perform non-tipped work for more than twenty (20) percent of their time worked in one or more individual workweeks without paying them full minimum wage.

60. Defendant violated the FLSA by requiring Plaintiff and similarly situated Tipped Workers to share tips with non-tipped employees in one or more individual workweeks, thus violating the tip-credit provisions of the FLSA.

61. Defendant violated the FLSA by failing to pay Plaintiff and similarly situated Tipped Workers for all time worked by both shaving time from the actual hours they worked and by requiring them to work off-the-clock without pay.

62. Defendant violated the FLSA by failing to keep, make and preserve accurate records of all time worked by Plaintiff and similarly situated Tipped Workers.

63. Defendant's violation of the FLSA was willful.

## COUNT II

**(Violation of Fair Labor Standards Act – Overtime Collective Action)**

64. Plaintiff incorporates by reference paragraphs 1-63 of her Complaint.

65. Count II arises from Defendant's violation of the FLSA, for its failure to pay all overtime wages earned by Plaintiff and similarly situated Tipped Workers.

66. Defendant violated the FLSA by failing to pay Plaintiff and Tipped Workers for all overtime hours worked in one or more individual workweeks by both shaving time from the actual hours they worked and by requiring them to work off-the-work without pay.

67. Defendant violated the FLSA by failing to pay Plaintiff and similarly situated Tipped Workers the correct overtime rate in one or more individual workweeks that Plaintiff and similarly situated Tipped Workers performed dual jobs and/or non-tipped work for more than twenty (20) percent of their time worked.

68. Defendant violated the FLSA by failing to keep, make and preserve accurate records of all time worked by Plaintiff and similarly situated Tipped Workers.

69. Defendant's violation of the FLSA was willful.

## COUNT III

**(Violation of North Carolina Wage and Hour Act)**

70. Plaintiff incorporates by reference paragraphs 1-69 of her Complaint.

71. Count III arises from Defendant's policy and practice of suffering or permitting Plaintiff and similarly situated Tipped Workers to work without paying

promised and earned wages for all hours worked in violation of N.C. Gen. Stat. §§ 95-25.6, 95-25.7 and 95-25.13.

72. Defendants violated N.C. Gen. Stat. §§ 95-25.6 by failing to pay Plaintiff and similarly situated Tipped Workers all promised wage and overtime payments on the employees' regular payday for all hours worked.

73. Defendant's violation of the NCWHA was willful.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and all employees similarly situated who join in this action demand:

a) Order the Defendants to file with this Court and furnish to counsel for Plaintiffs a list of all names, telephone numbers, home addresses and email addresses of all servers, server assistants, runners, and bartenders or any other similarly titled position who have worked for Defendant within the last three years;

b) Authorize Plaintiffs' counsel to issue notice at the earliest possible time to all servers, server assistants, runners, and bartenders or any other similarly titled position who have worked for Defendant within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of minimum wages and overtime compensation, as required by the FLSA;

c) An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who have joined in the suit) and

14

for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those who have joined in the suit);

d) An Order certifying this action as a class action under the NCWHA and designate the above Plaintiff as a representative on behalf of all those similarly situated Tipped Workers;

e) An Order pursuant to the NCWHA finding Defendant liable for unpaid back wages and liquidated damages equal in amount to the unpaid compensation due to Plaintiff and the class;

f) An Order awarding the costs of this action;

g) An Order awarding reasonable attorneys' fees;

h) A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA by failing to comply with the minimum wage and overtime requirements of the FLSA;

i) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

j) An Order granting such other and further relief as may be necessary and appropriate.

## JURY TRIAL DEMAND

The named Plaintiff demands a trial by jury for all issues of fact.

Respectfully submitted,

s/ Philip J. Gibbons, Jr.
Philip J. Gibbons, Jr., NCSB #50276

15

PHIL GIBBONS LAW, P.C.
15720 Brixham Hill Ave, Ste 280
Charlotte, North Carolina 28277
Telephone: (704) 612-0038

E-Mail: phil@philgibbonslaw.com


<u>s/ L. Michelle Gessner</u>
L. Michelle Gessner, NCSB #26590

THE LAW OFFICES OF MICHELLE GESSNER, PLLC
409 East Boulevard
Charlotte, NC 28203
Telephone (704) 234-7442

E-Mail: michelle@mgessnerlaw.com