**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | |
|---|---|
| CHARIE AUTRY, on behalf of herself and all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>CHARLOTTE PALM CORP.,<br><br>     Defendant. | Civil Action No. 3:16-CV-00797-GCM<br><br>**CONSENT PROTECTIVE ORDER** |

**Purpose and Scope**

  The purpose of this Consent Protective Order ("Order") is to govern the parties' handling and disclosure of personal and proprietary information during pre-discovery potential early resolution efforts, discovery, and mediation. This Order does not govern testimony at any trial or hearing. Nothing in this Order should be read as authority to restrict public access to judicial records, court testimony, matters in evidence, or to any information relied upon by a court in making its decisions. Nothing in this Order should be read as authority to file any document under seal without prior authorization from this Court or the Circuit Court.

**Need for a Protective Order**

  In the course of pre-discovery potential early resolution efforts and/or discovery, the parties will request and exchange information and documents that are or may be of a personal and/or of a proprietary nature, including but not limited to personnel records, tax returns and financial information, medical records and materials related to employee benefits, as well as confidential personal or financial information regarding third parties. The parties seek to limit the use of the information and documents during pre-discovery potential early resolution efforts, discovery, and mediation in order to protect themselves from annoyance and potential embarrassment.

Accordingly, they have agreed to the entry of this Order in order to facilitate the production of the information requested and any information that has been or will be produced during pre-discovery potential early resolution efforts, discovery, and mediation in this case. The parties agree that the information and documents exchanged during pre-discovery potential early resolution efforts, discovery, and mediation may be used only for purposes of the present litigation.

**Definition of Confidential Information**

1. "Confidential information" as used herein means any type or classification of information which is designated as "confidential" in the manner specified below, in the good faith belief that such information falls within the scope of Rule 26(c) of the Federal Rules of Civil Procedure and is subject to this Order. For purposes of this Order, "confidential information" means proprietary, business, commercial, financial and/or personal information, including but not limited to employee personnel files, pay information, tip information, medical records, customer or client information (including private dining records), drug testing documents, workers' compensation files, corporate policies and procedures, trade secrets and other competitively sensitive materials, financial records, actuarial records and reports and information about disabilities, tax returns, retirement benefits, customer information, and other personal or financial information relating to third parties. "Confidential information" may include documents, information contained in documents, depositions, interrogatory answers, and all other pre-discovery potential early resolution efforts and/or discovery pursuant to the Federal Rules of Civil Procedure, and other information furnished by or on behalf of any party in connection with this litigation that falls within the scope of this Order.

**Designation of Information as Confidential**

2. The party producing any documents or information subject to this Order shall have the right to use its discretion in designating materials to be confidential information as defined herein. However, the party shall be obligated to designate only documents or information that it believes in good faith to be information within the scope of Rule 26(c) of the Federal Rules of Civil Procedure. Moreover, the party shall be obligated to make specific designations to the extent reasonably possible and to avoid overbroad designations.

3. Any party producing documents may designate such documents and copies thereof as confidential by marking any confidential page as follows: CONFIDENTIAL. In lieu of placing said legend on the originals of documents, the producing party may legend the copies that are produced. When producing a multi-page document, all of which it contends is confidential, a party may designate the entire document as confidential by marking the cover page as follows: CONFIDENTIAL.

4. Information disclosed at the deposition of any party or at the deposition of one of the Defendant's present or former officers, directors, employees or agents, or of independent experts retained by any party for purposes of this litigation may be designated by such party as confidential by indicating on the record at the deposition that the testimony is confidential and subject to the provisions of this Order. Alternatively, such party may designate information disclosed at such deposition as confidential by notifying all parties in writing, within ten (10) business days of receipt of the transcript, of the specific pages and lines of the transcript which are confidential. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control. All depositions shall be treated as confidential for a period of at least ten (10) business days after a full and complete transcript of said deposition is available.

## Use of Confidential Information

5.  Confidential information shall be used only for the purpose of these proceedings and shall not be disclosed to any person except the following:

(a) Named and opt-in Plaintiffs;

(b) The author(s) or recipient(s) of the document;

(c) Counsel for any party, the legal associates, and clerical or other support staff of such counsel assisting in the preparation of this action, and any party, to the extent necessary to prepare this case for this litigation;

(d) Employees of such counsel assigned to and necessary to assist in the litigation;

(e) Any persons requested by counsel to furnish services for the present litigation such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, class notification services (if notice is authorized by the Court), or the creation of any computer database from documents

(f) Subject to the provisions of Paragraph 6 below, independent experts or consultants (who shall not be a party or an employee of a party) employed by counsel for the purpose of assisting in this action;

(g) A witness who is either the producing party or an employee of the producing party or a former or current employee of the producing party, as is necessary to prepare this case for litigation, and, the court reporter and courtroom personnel at any deposition, pretrial hearing, trial, appeal or other proceedings held in connection with this action;

(h) Subject to the provisions of Paragraphs 7 and 8 below, any court, including this Court, or appellate body which has cause to consider any of the issues raised in this action;

(i) Jurors and prospective jurors;

(j) Or any other person or entity to whom this Court orders or allows disclosure after notice and opportunity for hearing

**Non-Disclosure of Confidential Information**

6. No person to whom confidential information is disclosed shall disclose such confidential information to any person to whom disclosure is not authorized by the terms of this Order, or make any other disclosure of such confidential information for any purpose whatsoever, commercial or otherwise. In addition to the other restrictions on disclosure contained herein and with the exception of the individuals covered in Paragraph 5(h) and (i), the parties agree that no confidential information may be disclosed to any person (including any consultant, expert or employee of any party) until such person has read and signed a copy of this Order, thereby indicating his or her willingness to be bound by its provisions. The disclosing party shall have the obligation to maintain records identifying all such persons to whom information has been disclosed.

**Sealed Filings**

7. Documents, things and/or information, including portions of any transcript, shall not be filed under seal without a specific court order to do so. Any party seeking such an order shall comply with Section G (6) of the Electronic Case Filing Administrative Policies and Procedure Manual.

8. Pursuant to Stone v. University of Maryland Medical System Corp., 855 F.2d 178, 180-181 (4th Cir. 1988), each time a party seeks permission to make a sealed filing, it shall accompany the motion to seal with a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal.

**General Provisions**

9. A receiving party may challenge a producing party's designation at any time and may do so only in good faith. The challenging party must begin the process by conferring directly with counsel for the designating party and may request in writing that the producing party change the designation. The designating party shall then have five (5) business days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach an agreement after the expiration of this five (5) business day timeframe, the challenging party shall then have seven (7) business days to seek resolution by the Court. Until any dispute under this paragraph is ruled upon by the Court, the designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required by this Order.

10. Nothing in this Order constitutes an admission by any party that confidential information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law.

11. At the conclusion of this litigation, the parties will contact the Court to obtain any confidential information in the Court's files so the parties may make appropriate disposition of all confidential information furnished pursuant to the terms of this Order. At the conclusion of the litigation, the parties agree to return promptly (and in no event later than thirty (30) days after entry of a final judgment no longer subject to further appeal) any confidential information to the party providing the confidential information except transcriptions of depositions taken in the course of this proceeding. Counsel for the parties may retain one copy of documents in their file in order to comply with the requirements of the North Carolina State Bar record retention rules.

12. The ultimate disposition of protected materials shall be subject to final order of the Court.

13. This Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to the confidential information. Specifically, this Order shall not require any party to notify or to obtain permission from other parties before introducing materials designated confidential at trial or examining witnesses about materials designated confidential during depositions or at trial, beyond the notice required by the Federal Rules of Civil Procedure, local court rules or order of Court.

14. Nothing in the foregoing provisions of this Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to confidential information as that party may consider appropriate, including but not

limited to moving that certain materials be filed under seal; nor shall any party be precluded from claiming that any matter designated hereunder is not entitled to protection, or is entitled to a more limited form of protection than designated.

15. Inadvertent Production of Privileged or Otherwise Protected Material. When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). The production of privileged or work-product protected information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from pre-discovery potential early resolution efforts and/or discovery in this case or in any other federal or state proceeding. A party, upon determining that privileged or work-product protected documents or ESI have been produced, shall act as follows:

- if the producing party, it shall give the receiving party prompt written notice, whereupon the receiving party shall promptly return or destroy all produced copies of the documents or ESI at issue; and
- if the receiving party, it shall promptly return or destroy all produced copies of the documents or ESI at issue and promptly provide written notice to the disclosing party.

The return of any inadvertently disclosed privileged materials shall not prejudice the rights of any party or third party to contest an assertion of the attorney-client privilege, work product doctrine, or other privileges with the Court. If the claim of privilege or work-product protection is disputed, the receiving party agrees to refrain from further examination or use of the potentially privileged or work-product protected information until the dispute is resolved. The parties shall use reasonable efforts to resolve the dispute in good faith without judicial intervention. The provisions

of this section constitute an order pursuant to Rules 502(d) and (e) of the Federal Rules of Evidence.

Consented to this, the 9th day of June, 2017

s/ *Philip J. Gibbons, Jr.*
Philip J. Gibbons, Jr.
Stephan Zouras, LLP
15720 Brixham Hill Avenue
Suite 280
Charlotte, NC 27277
Telephone: 704.612.0038
pgibbons@stephanzouras.com

*Attorneys for Plaintiff*

s/ *Jerry H. Walters, Jr.*
Jerry H. Walters, Jr., Bar No. 23319
Email: jwalters@littler.com
Molly M. Shah, Bar No. 40275
mmshah@littler.com
LITTLER MENDELSON, P.C.
Bank of America Corporate Center
100 North Tryon Street, Suite 4150
Charlotte, NC 28202
Telephone: 704.972.7000
Facsimile: 704.333.4005

*Attorneys for Defendant*

Signed: June 12, 2017

Graham C. Mullen
United States District Judge

# CERTIFICATE OF SERVICE

This is to certify that on June 9, 2017 a copy of the foregoing CONSENT PROTECTIVE ORDER has been filed with the Clerk of the Court using the CM/ECF system which will send notification to the following:

> Philip J. Gibbons, Jr.
> Stephan Zouras, LLP
> 15720 Brixham Hill Avenue
> Suite 280
> Charlotte, NC  27277
> Telephone:  (704) 612-0038
> pgibbons@stephanzouras.com

*Attorneys for Plaintiff*

By: s/ *Jerry H. Walters, Jr.*
Jerry H. Walters, Jr., Bar No. 23319
Email: jwalters@littler.com
LITTLER MENDELSON, P.C.
Bank of America Corporate Center
100 North Tryon Street, Suite 4150
Charlotte, NC  28202
Telephone: 704.972.7000
Facsimile: 704.333.4005

*Attorneys for Defendant*

Firmwide:147367975.3 065832.1013