Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| CHARIE AUTRY, on behalf of herself and all others similarly situated, | CIVIL ACTION |
| Plaintiffs, | NO. 3:16-cv-00797-GCM |
| v. | |
| CHARLOTTE PALM CORP., | |
| Defendant. | |

## CLASS ACTION SETTLEMENT AGREEMENT

This Settlement Agreement and Release (the "Agreement") is entered into by and between Plaintiff Charie Autry ("Plaintiff") and Defendant Charlotte Palm Corporation ("Defendant").

**WHEREAS**, on November 18, 2016, Plaintiff commenced the above-captioned lawsuit, alleging that Defendant failed to pay her and similarly situated employees promised and earned wages for all hours worked, proper minimum wage, and proper overtime premium compensation in violation of the Fair Labor Standards Act ("FSLA") 29 U.S.C. §§ 201, et seq. and the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1, et seq.;

**WHEREAS**, Plaintiff asserted collective and class action allegations against Defendant in the Complaint;

**WHEREAS**, Defendant vigorously denies all material allegations made by Plaintiff and denies that it engaged in any wrongdoing with respect to the subject matter of this lawsuit; and

**WHEREAS**, uncertainty exists as to Defendant's potential liability and the nature and amount, if any, of damages owed to Plaintiff and the purported class; and

**WHEREAS**, Plaintiff and her lawyers have evaluated the merits of the underlying legal claims and contentions, the available defenses, and this settlement as it impacts Plaintiff and the purported class, and, after taking into account the foregoing, along with the risks and delays of litigation, Plaintiff and her lawyers believe that the settlement terms described herein are fair, reasonable, adequate, and equitable; and

**WHEREAS**, Defendant, while continuing to deny any liability or wrongdoing, desires to resolve this matter in order to avoid further litigation risks and delays and to avoid future expense, inconvenience, and interference with their ongoing business operations; and

**WHEREAS**, this settlement reflects a compromise reached after arms-length bargaining and shall not be construed as an admission or concession by any party as to the truth or validity of any substantive or procedural allegation, claim, or defense asserted in this or any other action or proceeding; and

**WHEREAS**, this Agreement is subject to and conditioned upon final approval by the Court and the other conditions specified herein;

**NOW, THEREFORE**, it is hereby **STIPULATED** and **AGREED** by and between the undersigned Parties that the Action shall be fully and finally settled, subject to the Court's approval, pursuant to the following terms and conditions:

1. **Definitions**. The following terms shall have the following meanings:

"Action" means the above-captioned action, *Charie Autry, on behalf of herself and all others similarly situated v. Charlotte Palm Corp.*, Case No. 3:16-cv-00797-GCM, pending in the United States District Court for the Western District of North Carolina.

"Administrator" means the Claims Administrator, RG2 Claims Administration LLC, selected by the Parties and appointed by the Court to handle the administration of the settlement and distribution of payments to Class Members.

"Agreement" means this Class Action Settlement Agreement, inclusive of all attachments and any document incorporated herein by reference.

2

"Class Counsel" means Gibbons Leis, PLLC, 14045 Ballantyne Corporate Pl., Suite 325, Charlotte, NC 28277 and Stephan Zouras, LLP, 205 N. Michigan Ave., Suite 2560, Chicago, IL 60601.

"Class Members" means the individuals listed in the table attached as Exhibit A.

"Court" means the United States District Court for the Western District of North Carolina.

"Defendant" means Charlotte Palm Corporation and all its affiliated or related companies, officers, agents, employees, members, managers, shareholders, successors, heirs, spouses, administrators, executors, partners, assigns, and all of their past, present and future representatives and predecessors.

"Effective Date" means the later of: (i) the day after expiration of the time for appeal from the Court's order granting final approval of this Agreement or (ii) if a timely appeal from such order is instituted, the day after the final resolution of the appeal (including any requests for rehearing and/or petitions for writ of certiorari) and/or the expiration of any time period for any further appeal or judicial review, resulting in the final judicial approval of the Agreement.

"Fairness Hearing" means the hearing conducted by the Court in accordance with Federal Rule of Civil Procedure 23(f).

"Notice Form" means the form informing Settlement Class Members of the settlement and substantially in the form attached as Exhibit B.

"Participating Class Members" means all Class Members who do not exclude themselves from the settlement pursuant to the procedures described in the Notice Form.

"Parties" refers jointly to Plaintiff, all Participating Class Members, as defined herein, and Defendant, as defined herein.

"Payout Amount" means, for each Participating Class Member, the amount listed in the table attached as Exhibit A.

"Plaintiff" means Charie Autry.

3

Case 3:16-cv-00797-GCM   Document 30-1   Filed 09/07/18   Page 3 of 19

"Preliminary Approval Date" means the date on which the Court enters the Preliminary Approval Order described in paragraph 6.

"Qualified Settlement Fund" or "QSF" means the account that will be established by the Administrator from the total settlement amount paid by Defendant. The QSF will be controlled by the Administrator subject to the terms of this Agreement and the Court's Order(s). Interest, if any, earned on any monies in the QSF will become part of the net settlement fund.

"Settlement Class" means the class defined in paragraph 2.

2. **Class Certification**. For purposes of settlement and this Agreement only, the Parties agree that the following Settlement Class will be certified pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of the following class:

> Every individual employed by Defendant as a server, server assistant, runner and/or bartender during any workweek between November 18, 2013 and August of 2017.

The Class Members falling within this definition are identified in the table attached as Exhibit A. If the settlement is not approved, Defendant's stipulation to the certification of the above class for settlement purposes shall be null and void and may not be used or relied upon by Plaintiff, Class Counsel, or any Class Member for any purpose whatsoever in this litigation or in any other judicial, administrative or arbitral proceeding.

3. **Conditions Precedent**. The settlement of the Action and the settlement payments described herein are conditioned upon: (i) the Court's entry of an Order granting final approval of this Agreement and dismissing the Action with prejudice and (ii) passage of the Effective Date.

4. **Total Settlement Amount**. The total amount paid by Defendant to settle the Action pursuant to this Agreement shall consist of the following: (i) unpaid wages and liquidated damages totaling a maximum of $95,000.00 to Class Members who worked for Defendant between November 18, 2013 and August of 2017 during the Class Period as a server, server assistant, runner or bartender) and

4

payable to Participating Class Members pursuant to the procedures and limitations herein; (ii) an extra payment in the maximum amount of $5,000.00 payable to Plaintiff Charie Autry pursuant to the procedures and limitations herein; and (iii) attorneys' fees and expenses in the maximum amount of $50,000.00 payable to Class Counsel pursuant to the procedures and limitations herein. Defendant's payment of these monies constitutes Defendants' **entire** potential monetary contribution, other than the cost of the Administrator which shall also be paid entirely by Defendant. All payroll withholdings, including both the employee's and employer's portions, will come out of each Participating Class Member's Gross Settlement Payment Amount. Defendant will not pay any amount other than the total settlement amount set forth in paragraph 4 herein. All monies shall remain the property of Defendant unless and until disbursed pursuant to this Agreement.

5. **Release**. In consideration of all payments made by Defendant and any other relief described herein and upon passage of the Effective Date, Participating Class Members and their respective agents, employees, successors, heirs, spouses, administrators, executors, partners, assigns, and all of their past, present and future representatives and predecessors, release and forever discharge Defendant, as defined herein, from any and all claims, causes of action, demands, rights, damages, requests for equitable relief, expenses, interest, penalties, and attorney's fees, costs, and expenses under the North Carolina Wage and Hour Act, arising out of Defendant's alleged improper use, retention or distribution of tips, and the alleged failure to pay promised and earned wages for all hours worked, proper minimum wage, and proper overtime premium compensation for the period of November 18, 2013 until [insert date of settlement approval by the Court] while employed by Defendant as a server, server assistant, runner, or bartender. The Class Notice informs Participating Class Members that when they sign or endorse their checks providing their Payment Amount, they will have deemed to have provided their written consent to join this matter and release their Fair Labor Standards Act claims (including any claims for liquidated damages) arising out of Defendant's alleged failure to pay promised

5

and earned wages for all hours worked, proper minimum wage, and proper overtime premium compensation for the period of November 18, 2013 until [insert date of settlement approval by the Court] while employed by Defendant as a server, server assistant, runner, or bartender, as well as their North Carolina Wage and Hour Act claims. If a settlement check is not cashed within ninety (90) days, the Participating Class Member shall be deemed to have waived the North Carolina Wage and Hour Act rights but shall not be deemed to have waived any rights under the Fair Labor Standards Act.

6. **Preliminary Approval.** Within seven (7) days after the execution of this Agreement, Plaintiff shall petition the Court for entry of a "Preliminary Approval Order" certifying the Settlement Class, preliminarily approving the settlement, and authorizing distribution of the Notice Form to all Class Members.

7. **Class Notice.** Within seven (7) days after the Preliminary Approval Date, Defendant's Counsel shall provide the Administrator with each Class Member's last known address, as reflected in Defendant's company records. Within fourteen (14) days of the Preliminary Approval Date, the Administrator shall send the Notice Form to all Class Members. If the United States Postal Service returns any Notice Form to Class Counsel with a forwarding address, the Administrator will re-mail the Notice Form to the forwarding address. If the United States Postal Service returns any Notice Forms to Counsel without a forwarding address, the Administrator will make all good faith efforts to obtain updated addresses and promptly re-mail the forms to any updated address.

8. **Settlement Award Eligibility and Distribution.** All Participating Class Members shall be paid a Settlement Award from the total settlement amount of $95,000.00 to Class Members. (*See* Paragraph 4(i) above.) Class Counsel shall be responsible for determining eligibility for, and the amount of, the Settlement Awards to be paid to Participating Class Members based on the following formula:

   a. The amount of $75 per Participating Class Member will be deducted from the total settlement amount prior to the determination of *pro rata* individual settlement

6

shares and allocated to each Participating Class Member so that each Participating Class Member receives at least $75 in exchange for their release in this Settlement Agreement.

b. In addition to the $75 payment set out in (a) above, Participating Class Members shall receive *a pro rata* portion of the total settlement amount as follows;

   i. <u>Off the Clock Work</u> – 20% of the total settlement amount is allocated to settlement of this claim. Each Participating Class Member shall be eligible to receive a *pro rata* portion of this 20% allocation of the total settlement amount based on the number of paychecks that the Participating Class Member received between November 18, 2013 and August 2017, plus credit for a proportionate number of paychecks from August 2017 to the date of settlement approval by the Court or the Participating Class Member's separation date, if applicable ("Paychecks"). The Participating Class Member shall receive one settlement share for each Paycheck received.

   ii. <u>Tip Credit</u> – 80% of the total settlement amount is allocated to settlement of this claim. Each Participating Class Member shall be eligible to receive a *pro rata* portion of this 80% allocation of the total settlement amount based on the number of hours worked at a base pay rate lower than the federal minimum wage ($7.25) between November 18, 2013 and August 2017, plus credit for a proportionate number of hours from August 2017 to the date of settlement approval by the Court or the Participating Class Member's separation date, if applicable) ("Hours Worked"). Participating Class Members that were paid at the federal tip credit hourly base pay rate of $2.13 (Server, Server Assistant Runner) will receive one settlement share for each Hour Worked. Participating Class Members that were paid at an hourly base pay rate at or above $5.00 (Bartender) will receive one third (1/3) settlement share for each Hour Worked.

   iii. The total number of settlement shares for all Participating Class Members will be added together and the resulting sum will be divided into the total settlement amount to reach a per share dollar figure. That figure will then be multiplied by each Participating Class Member's number of settlement shares to determine the Participating Class Member's Settlement Award.

In addition to other information contained on the Settlement Notice Form, the Settlement Notice Form shall state the number of Work Hours that the Class Member worked for Charlotte Palm from November 18, 2013 to August 2017, according to Charlotte Palm's records as well as the number paychecks that the Class Member received (representing the number of weeks in

7

which the Settlement Class Member worked) from November 18, 2013 to August 2017. The Settlement Notice Form also shall include an explanation of the distribution formula. The Settlement Notice Form shall state that, if the Class Member disagrees with the listed number of Work Hours, Paychecks or the calculation of the settlement share, the Class Member must set forth the information that he or she believes is correct, explain the basis for such belief, and submit documentation to support his or her claim to the Settlement Administrator postmarked on or before the Notice Deadline. Failure to submit documentation to support such dispute will mean that Charlotte Palm's numbers from its records and the calculation of the settlement shares will be controlling.

9. **Objections to the Settlement**. Class Members who object to the settlement must do so in writing. Written objections must be mailed to Class Counsel and Defendant's Counsel, pursuant to the instructions in the Notice Form and must be postmarked within forty-five (45) days of the Preliminary Approval Date. Class Counsel shall file with the Court all received objections no later than seven (7) days prior to the Fairness Hearing.

10. **Exclusion from the Settlement**. Class Members desiring to exclude themselves from the settlement must do so in writing. Written exclusions must be mailed to Class Counsel and Defendant's Counsel pursuant to the instructions in the Notice Form and must be postmarked within forty-five (45) days of the Preliminary Approval Date. Class Counsel shall file with the Court all received exclusions no later than seven (7) days prior to the Fairness Hearing. Class Members who do not timely exclude themselves from the settlement, shall be bound by all provisions of this Agreement, including the release of claims provision described in paragraph 5.

11. **Final Fairness Hearing**. The Court shall conduct a Final Fairness and Approval Hearing in accordance with Federal Rule of Civil Procedure 23(f) at a time to be determined by the Court. The

Parties shall request that the Court conduct this hearing approximately sixty (60) days after the Preliminary Approval Date.

12.     **Payments to Participating Class Members**.  Subject to the approval of the Court, each Participating Class Member shall receive his/her Gross Settlement Payment Amount, as listed in the table attached as Exhibit A, split equally between payroll unpaid wages, minus all withholdings, and non-payroll liquidated damages with no withholdings.  Within twenty-one (21) days after the Effective Date, Defendant shall deposit the portion of the total settlement amount necessary to fund the Gross Settlement Payment Amount for each Participating Class Member into the QSF and the Administrator shall cut checks payable to each Participating Class Member.  Each check shall state on the back that: "By signing or endorsing this settlement check, (i) I agree to consent, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), to become a party plaintiff in the above-captioned FLSA action, (ii) I agree to release any and all claims under the FLSA (including any claims for liquidated damages) arising out of the alleged failure of Defendant ("Defendant" includes Charlotte Palm Corporation and the other entities listed in the definition of Defendant in the Settlement Agreement) to pay promised and earned wages for all hours worked, proper minimum wage, and proper overtime premium compensation for the period of November 18, 2013 until [insert date of settlement approval by the Court] while employed by Defendant as a server, server assistant, runner, or bartender; and (iii) I understand that I will be bound by the judgment of the Court on all issues in this case, including the fairness of this settlement."  Within thirty-five (35) days after the Effective Date, Administrator shall send, via First Class Mail, settlement checks to Participating Class Members.  If the United States Postal Service returns any check to Administrator with a forwarding address, Administrator will promptly re-mail the check to the forwarding address.  If the United States Postal Service returns any check to Administrator without a forwarding address, Administrator will make all good faith efforts to obtain an updated address and promptly re-mail the check to any updated address.  Any settlement check un-cashed after

9

100 days after the Effective Date, shall be distributed to the Participating Class Members pro rata based on calculation of settlement shares as set forth in Paragraph 8 above. At the end of the tax year, Administrator shall send to each Plaintiff who cashes a settlement check an IRS Form W-2 and IRS Form 1099 reflecting this payment. Each IRS Form W-2 and IRS Form 1099 shall be mailed directly to each Participating Class Member at his/her last known address. Any legally mandated tax reports, tax forms, tax filings, or other tax documents required by administration of this Agreement shall be prepared by the Administrator.

13. **Extra Payment to Plaintiff**. Subject to the Court's approval, and as set forth in Section 4(ii) of this Agreement, Defendant shall pay Plaintiff Charie Autry an additional payment of $5,000.00. The settlement of this Action is not contingent on the Court's approval of this extra payment, which is in addition to Plaintiff's individual Payout Amount. Within twenty-one (21) days after the Effective Date, if approved by the Court, Defendant shall provide the Administrator with the amount of this payment, and this extra payment shall be made in the form of a non-payroll check and shall be delivered to Class Counsel by Administrator within twenty-eight (28) days after the Effective Date. At the end of the tax year, Administrator shall send to Plaintiff an IRS Form 1099 reflecting this payment. The IRS 1099 Form shall be mailed directly to Plaintiff at the following address: [Plaintiff's counsel to insert]. Any legally mandated tax reports, tax forms, tax filings, or other tax documents required by administration of this Agreement shall be prepared by the Settlement Administrator. In addition, Plaintiff Autry hereby expressly, unconditionally, and voluntarily releases and forever discharges Defendant from: (a) any and all waivable claims, issues, or causes of action, known or unknown and of whatever kind or nature, which arose on or before the effective date of this Agreement, arising out of, or in any way related to, or as a consequence of Plaintiff's employment or termination of her employment with Defendant, under any possible legal, equitable, tort, contract, or statutory theory, including, but not limited to, any claims for constructive or wrongful discharge and breach of contract; and (b) any and all possible claims,

issues, prayers for relief and any other causes of action, known or unknown and of whatever kind or nature, which arose on or before the effective date of this Agreement, including but not limited to claims for discrimination, harassment, or retaliation based upon race, age, color, ethnic or national origin, ancestry, religion, marital status, sex, sexual orientation, citizenship status, medical condition, disability or any other protected status or associational status under any common law, statute, law or ordinance, and all possible claims arising under any federal, state and/or local employment laws, regulations or ordinances, including, but not limited to, claims under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1001 et seq., Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000 (e) et seq., the Civil Rights Act of 1991; 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988; the Vietnam Era Veterans Readjustment Assistance Act of 1974, 38 U.S.C. § 2012; the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.; the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq., the Older Workers Benefit Protection Act ("OWBPA"), 29 U.S.C. § 626(f) et seq.; the Worker Adjustment and Retraining Notification Act ("WARN"), 29 U.S.C. § 2101 et seq.; the federal Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601 et seq.; the Equal Pay Act of 1963("EPA"); the Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq.; the Genetic Information Nondiscrimination Act ("GINA"); the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1, et seq., the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1161 et seq.; the United States Constitution; the North Carolina Constitution; and the Occupational Safety and Health Act, 29 U.S. § 651 et seq.; and all claims under any other federal, state or local civil rights law, regulation or ordinance.

14. **Payment to Class Counsel**. Subject to Court approval, Defendant shall pay Class Counsel Fifty Thousand Dollars ($50,000.00) in attorneys' fees, costs and expenses. The settlement of this Action is not contingent on the Court's approval of this payment, which is in addition to the

amounts paid to Participating Class Members and to Plaintiff pursuant to Paragraphs 11-12. Within twenty-one (21) days after the Effective Date, if approved by the Court Defendant shall provide the Administrator with the amount of this payment, which shall be made by Administrator in the form a non-payroll check made payable to "Gibbons Leis, PLLC and Stephan Zouras, LLP" within thirty-five (35) days after the Effective Date. At the end of the tax year, Administrator shall send Gibbons Leis, PLLC and Stephan Zouras, LLP IRS Forms 1099 reflecting this payment. The IRS 1099 Forms shall be mailed directly to Gibbons Leis, PLLC, 14045 Ballantyne Corporate Pl., Suite 325, Charlotte, NC 28277 and Stephan Zouras, LLP, 205 N. Michigan Ave., Suite 2560, Chicago, IL 60601. Any legally mandated tax reports, tax forms, tax filings, or other tax documents required by administration of this Agreement shall be prepared by the Settlement Administrator.

15. **Dismissal with Prejudice**. Upon final approval of this Agreement by the Court, the Action shall be dismissed with prejudice in its entirety. The Court will have continuing jurisdiction to enforce the terms of this Agreement.

16. **Publicity/Media**. Plaintiff and Class Counsel agree that they will not issue or caused to be issued, to the media or any member thereof, including but not limited to print, electronic, Internet and other outlets, any statement or press release in connection with this Action and/or this Agreement.

17. **Return of Documents**. Class Counsel agrees that they shall, within twenty-one (21) days of the Court's entry of an Order granting final approval of this Agreement, return to counsel for Defendant all copies of documents (electronic or hard copy) produced in discovery, or otherwise provided to Class Counsel, in this Action.

18. **No Representations**. This Agreement controls over prior communications regarding the matters contained herein between the signatories hereto or their representatives. Except as expressly stated in this Agreement, none of the Parties hereto have made any statement or representation to any other Party regarding any fact relied upon by any other Party in entering into this Agreement, and each

12
Case 3:16-cv-00797-GCM   Document 30-1   Filed 09/07/18   Page 12 of 19

Party specifically does not rely upon any statement, representation or promise of any other Party in executing this Agreement.

**19.** **Consent**. This Agreement has been carefully read by all Parties and the contents hereof are known and understood by all Parties. The Parties have each received independent legal advice from attorneys of their choice with respect to the preparation, review and advisability of executing this Agreement. Prior to the execution of this Agreement by each Party, each Party's attorney has reviewed the Agreement and each Party acknowledges that such Party has executed the Agreement after independent investigation and without fraud, duress or undue influence.

**20.** **Successors**. Subject to the provisions otherwise contained in this Agreement, this Agreement shall inure to the benefit of and be binding upon the heirs, successors and assigns of the respective Parties to this Agreement.

**21.** **No Assignments**. Each Party represents that the Party has not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity, the Party's rights in the Action or any interest therein, or any other interest in any claims or claims arising out of any of the matters which are the subject of the recitals herein.

**22.** **Negotiated Agreement**. This Agreement and each of its terms constitutes a negotiated contract and not merely a recital and is the result of negotiation among the Parties. In interpreting this Agreement, there shall not be a presumption of interpretation against any Party, and each Party expressly waives the doctrine of contra preferendum.

**23.** **No Knowledge of Additional Claims**. Class Counsel represents and warrants that they do not currently represent any current or former employee of Defendant other than Plaintiff and members of the putative class in this Action with respect to that employee's employment with Defendant including, but not limited to, the payment of wages. Class Counsel further represents and warrants that they are not currently aware of any other current or former employee of Defendant with

13

pending or potential claims against Defendant with respect to that employee's employment with Defendant including, but not limited to, the payment of wages other than the claims asserted in Plaintiff's Complaint.

**24.    No Admissions**.  This Agreement is the result of a compromise among the Parties and nothing in this Agreement shall constitute an admission of liability by any Party with regard to the subject matter of the lawsuits and of this Agreement; or with respect to the composition or certification of a class or collective action under the Federal Rules of Civil Procedure, the FLSA, the North Carolina Wage and Hour Act, or any other applicable law.

**25.    Final Approval Not Obtained**.  In the event that Final Approval is not obtained, nothing in this Agreement shall be deemed to waive Defendant's objections and defenses to liability or to Plaintiff's entitlement to monetary or equitable relief, or any other issue in the Action, including, but not limited to, the propriety of class or collective action certification.

**26.    Duty to Defend**.  Plaintiff, Class Counsel and Defendant agree to abide by all of the terms of this Agreement in good faith, to fully support the Agreement and to defend the Agreement from any legal challenge, whether by appeal or collateral attack.

**27.    Warranty of Authority**.  Each of the signatories hereto warrants and represents that he or she is competent and authorized to enter into this Agreement on behalf of the Party for whom he or she purports to sign it.

**28.    Evidentiary Privilege**.  This Agreement shall be deemed to fall within the protection afforded compromises and offers to compromise by Rule 408 of the Federal Rules of Evidence.

**29.    Applicable Law**.  This Agreement shall be governed by, interpreted under and construed and enforced in accordance with, the laws of the State of North Carolina.

**30.    Further Actions**.  The Parties agree to do such further acts and things and to execute and deliver such additional agreements and instruments as the other may reasonably require to consummate,

14
Case 3:16-cv-00797-GCM   Document 30-1   Filed 09/07/18   Page 14 of 19

evidence or confirm the agreements contained herein in the manner contemplated hereby. The Parties mutually agree to cooperate to ensure the expeditious approval and administration of this settlement.

**31.** **Duty of Good Faith Performance.** The Parties agree not to take any action which would interfere with the performance of this Agreement by any of the Parties hereto or which would adversely affect any of the rights provided for herein.

**32.** **Severability.** Whenever possible, each provision of the Agreement shall be interpreted in such a manner as to be valid and enforceable; provided, however, that in the event after Final Approval thereof, any provision or term of the Agreement should be determined to be or rendered unenforceable on collateral review, all other provisions and terms of the Agreement and the application thereof to all persons and circumstances subject thereto shall remain unaffected to the extent permitted by law.

**33.** **No Third Party Beneficiaries.** The Parties do not intend to confer any benefit hereunder on any person, firm or corporation other than the Parties hereto.

**34.** **Written Modifications.** As approved by the Court, this Agreement may not be modified in whole or in part except by an agreement in writing signed by all Parties, and executed in the same manner as this Agreement.

**35.** **Execution.** This document may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument.

**36.** **Entire Agreement.** This Agreement and the exhibits hereto embody the entire agreement and understanding of the Parties hereto in respect of the subject matter contained herein, and is a fully integrated contract.

**IN WITNESS WHEREOF**, and intending to be legally bound thereby, the Parties hereby execute this Agreement on the dates indicated below.

15
Case 3:16-cv-00797-GCM   Document 30-1   Filed 09/07/18   Page 15 of 19

Dated:_____, 2018    _____
                                    Plaintiff

Dated:_____, 2018    _____
                                    Class Counsel

Dated:_____, 2018    _____
                                    Class Counsel

Dated:_____, 2018    _____
                                    For Defendant

Dated:_____, 2018    _____
                                    Defendant's Counsel

Firmwide:156254635.3 065832.1013

Exhibit A – Class Member Settlement Payments

| Employee ID | Settlement Shares for Overtime Claim (Total Number of Paychecks) | Class Member's Payment for Overtime Claim (Shares x Per Share $ Amount) | Total Hours Worked | Settlement Share Portion 1/3 – Bar 1 – Servers, Server Assistants, Runners | Settlement Shares for Tip Credit Claim (Hours Worked x Share Portion) | Class Member's Payment for Tip Credit Claim (Shares x Per Share $ Amount) | Class Member's Total Payment (including $75 Participation Payment) |
|---|---|---|---|---|---|---|---|
| 108 | 56 | 258.95 | 2821.5 | 1 | 2821.5 | 1094.75 | 1428.7 |
| 260 | 88 | 406.92 | 4331.7 | 1 | 4331.7 | 1680.70 | 2162.62 |
| 376 | 113 | 522.52 | 6014.9 | 1 | 6014.9 | 2333.78 | 2931.30 |
| 452 | 126 | 582.63 | 7098.4 | 1/3 | 2363.8 | 917.15 | 1574.78 |
| 630 | 109 | 504.03 | 4678.3 | 1/3 | 1557.9 | 604.47 | 1183.50 |
| 1077 | 25 | 115.61 | 1439.4 | 1 | 1439.4 | 558.49 | 749.10 |
| 1293 | 74 | 342.19 | 3504.3 | 1 | 3504.3 | 1359.67 | 1776.86 |
| 1294 | 65 | 300.57 | 3261.6 | 1 | 3261.6 | 1265.50 | 1641.07 |
| 1416 | 6 | 27.75 | 83.6 | 1/3 | 27.8 | 10.79 | 113.54 |
| 1476 | 24 | 110.99 | 1449.6 | 1 | 1449.6 | 562.44 | 748.43 |
| 1872 | 126 | 582.63 | 7889.4 | 1 | 7889.4 | 3061.09 | 3718.72 |
| 2005 | 82 | 379.18 | 4740.0 | 1 | 4740.0 | 1839.12 | 2293.30 |
| 2237 | 47 | 217.34 | 3030.8 | 1 | 3030.8 | 1175.95 | 1468.29 |
| 2314 | 38 | 175.72 | 1814.4 | 1 | 1814.4 | 703.99 | 954.71 |
| 2413 | 128 | 591.88 | 7705.6 | 1 | 7705.6 | 2989.77 | 3656.65 |
| 2440 | 61 | 282.07 | 3809.5 | 1/3 | 1268.6 | 492.22 | 849.29 |
| 2474 | 51 | 235.83 | 3048.8 | 1 | 3048.8 | 1182.93 | 1493.76 |
| 2484 | 5 | 23.13 | 178.3 | 1 | 178.3 | 69.18 | 167.31 |
| 2803 | 127 | 587.26 | 7331.1 | 1 | 7331.1 | 2844.47 | 3506.73 |
| 2804 | 36 | 166.47 | 2253.3 | 1 | 2253.3 | 874.28 | 1115.75 |
| 2860 | 79 | 365.31 | 4456.9 | 1 | 4456.9 | 1729.28 | 2169.59 |
| 3003 | 74 | 342.19 | 3114.6 | 1 | 3114.6 | 1208.46 | 1625.65 |
| 3032 | 128 | 591.88 | 7501.1 | 1 | 7501.1 | 2910.43 | 3577.31 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 3125 | 4 | 18.51 | 149.7 | 1 | 149.7 | 58.08 | 151.59 |
| 3154 | 59 | 272.83 | 3810.5 | 1/3 | 1268.9 | 492.33 | 840.16 |
| 3199 | 69 | 319.07 | 3863.5 | 1 | 3863.5 | 1499.04 | 2036.19 |
| 3307 | 11 | 50.87 | 479.9 | 1 | 479.9 | 186.20 | 312.07 |
| 3489 | 24 | 110.99 | 1167.8 | 1 | 1167.8 | 453.11 | 639.10 |
| 3529 | 43 | 198.84 | 1398.8 | 1/3 | 465.8 | 180.73 | 454.57 |
| 3531 | 43 | 198.84 | 2738.5 | 1 | 2738.5 | 1062.54 | 1336.38 |
| 3591 | 16 | 73.99 | 967.8 | 1/3 | 322.3 | 125.05 | 274.04 |
| 3896 | 20 | 92.49 | 944.1 | 1 | 944.1 | 366.31 | 533.80 |
| 3972 | 53 | 245.08 | 2605.2 | 1 | 2605.2 | 1010.82 | 1330.90 |
| 4215 | 33 | 152.60 | 1643.5 | 1 | 1643.5 | 637.68 | 865.28 |
| 4300 | 75 | 346.81 | 3541.1 | 1 | 3541.1 | 1373.95 | 1795.76 |
| 4447 | 88 | 406.92 | 5502.5 | 1 | 5502.5 | 2134.97 | 2616.89 |
| 4527 | 42 | 194.21 | 2057.7 | 1 | 2057.7 | 798.39 | 1067.60 |
| 4626 | 60 | 277.45 | 2645.6 | 1 | 2645.6 | 1026.49 | 1378.94 |
| 4766 | 3 | 13.88 | 146.2 | 1 | 146.2 | 56.73 | 145.61 |
| 4840 | 4 | 18.51 | 188.3 | 1 | 188.3 | 73.06 | 166.57 |
| 4859 | 7 | 32.38 | 330.6 | 1 | 330.6 | 128.27 | 235.65 |
| 4906 | 3 | 13.88 | 105.2 | 1 | 105.2 | 40.82 | 129.70 |
| 4994 | 74 | 342.19 | 2459.9 | 1 | 2459.9 | 954.44 | 1371.63 |
| 5023 | 62 | 286.70 | 3158.3 | 1 | 3158.3 | 1225.42 | 1587.12 |
| 5253 | 18 | 83.24 | 416.6 | 1/3 | 138.7 | 53.82 | 212.06 |
| 5352 | 37 | 171.10 | 2063.7 | 1 | 2063.7 | 800.71 | 1046.81 |
| 5733 | 24 | 110.99 | 275.1 | 1 | 275.1 | 106.73 | 292.72 |
| 5888 | 80 | 369.93 | 3371.0 | 1 | 3371.0 | 1307.95 | 1752.88 |
| 6240 | 41 | 189.59 | 2156.8 | 1 | 2156.8 | 836.84 | 1101.43 |
| 6266 | 4 | 18.51 | 175.4 | 1/3 | 58.4 | 22.66 | 116.17 |
| 6329 | 14 | 64.75 | 485.1 | 1 | 485.1 | 188.22 | 327.97 |
| 6365 | 103 | 476.28 | 5990.8 | 1 | 5990.8 | 2324.43 | 2875.71 |
| 6589 | 127 | 587.26 | 7339.3 | 1 | 7339.3 | 2847.65 | 3509.91 |
| 6609 | 15 | 69.37 | 671.7 | 1 | 671.7 | 260.62 | 404.99 |
| 6677 | 44 | 203.47 | 2860.1 | 1 | 2860.1 | 1109.72 | 1388.19 |
| 6781 | 46 | 212.71 | 2269.8 | 1 | 2269.8 | 880.68 | 1168.39 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 7044 | 13 | 60.12 | 634.5 | 1 | 634.5 | 246.17 | 381.29 |
| 7323 | 127 | 587.26 | 6067.3 | 1 | 6067.3 | 2354.11 | 3016.37 |
| 7693 | 18 | 83.24 | 901.8 | 1 | 901.8 | 233.50 | 391.74 |
| 7743 | 48 | 221.96 | 2226.6 | 1 | 2226.6 | 863.92 | 1160.88 |
| 7922 | 8 | 37.00 | 356.8 | 1 | 356.8 | 138.44 | 250.44 |
| 8305 | 45 | 208.09 | 2642.2 | 1 | 2642.2 | 1025.17 | 1308.26 |
| 8365 | 4 | 18.51 | 189.6 | 1 | 189.6 | 73.57 | 167.08 |
| 8387 | 33 | 152.60 | 1801.6 | 1 | 1801.6 | 699.02 | 926.62 |
| 8464 | 61 | 282.70 | 1818.4 | 1 | 1818.4 | 705.54 | 1063.24 |
| 8484 | 14 | 64.75 | 752.0 | 1 | 752.0 | 291.78 | 431.53 |
| 8669 | 32 | 147.98 | 2049.0 | 1 | 2049.0 | 795.01 | 1017.99 |
| 8697 | 9 | 41.62 | 490.6 | 1 | 490.6 | 190.35 | 306.97 |
| 9035 | 6 | 27.75 | 212.9 | 1 | 212.9 | 82.61 | 185.36 |
| 9264 | 5 | 23.13 | 321.1 | 1 | 321.1 | 124.59 | 222.72 |
| 9420 | 59 | 272.83 | 1817.1 | 1 | 1817.1 | 705.03 | 1052.86 |
| 9428 | 34 | 157.23 | 1805.2 | 1 | 1805.2 | 700.42 | 932.65 |
| 9438 | 67 | 309.81 | 3451.7 | 1 | 3451.7 | 1339.26 | 1724.07 |
| 9464 | 15 | 69.37 | 742.8 | 1 | 742.8 | 288.21 | 432.58 |
| 9574 | 33 | 152.60 | 1586.4 | 1 | 1586.4 | 615.52 | 843.12 |
| 9807 | 86 | 397.67 | 4891.6 | 1 | 4891.6 | 1897.94 | 2370.61 |
| 9977 | 128 | 591.88 | 4569.6 | 1 | 4569.6 | 1773.00 | 2439.88 |