IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| CHARIE AUTRY, on behalf of herself and all others similarly situated, | CIVIL ACTION |
| Plaintiffs, | NO. 3:16-cv-00797-GCM |
| v. | |
| CHARLOTTE PALM CORP., | ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AGREEMENT AND APPROVAL OF ATTORNEYS' FEES AND COSTS |
| Defendant. | |

This matter comes before the Court by way of Plaintiffs' unopposed motion for final approval of Class Action Settlement Agreement and approval of attorneys' fees and costs made before this Court at the Final Fairness and Approval Hearing on November 14, 2018. The attorneys for Named Plaintiff Charie Autry and Class Members (collectively referred to as "Plaintiffs") and Defendant Charlotte Palm Corporation. ("Defendant") (collectively the "Parties") request approval of the Class Action Settlement Agreement ("Agreement") reached between the Parties.

Plaintiffs alleged that Defendant failed to pay her and similarly situated employees promised and earned wages for all hours worked, proper minimum wage, and proper overtime premium compensation in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1, *et seq.* ("NCWHA"). Defendant denies any liability or wrongdoing of any kind under the FLSA and NCWHA and pled various defenses. This Court preliminarily approved the Parties' Agreement

1

on September 10, 2018. Notice was provided to the Class Members. There were no objections to the settlement, and no Class Members excluded themselves from the settlement. There are disputes between the Parties as to the underlying facts and the controlling law. Nonetheless, the Parties believe the settlement reached and agreed upon to be a fair and reasonable settlement of their dispute, given the uncertainty as to liability and damages and the estimated future costs of litigation.

Settling parties routinely seek judicial approval of a proposed settlement to ensure fairness and to give effect to the FLSA releases. Courts generally approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982); *Clark v. Ecolab, Inc.*, 2010 WL 1948198, at *7 (S.D.N.Y. May 11, 2010). If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved. *Lynn's Food Stores, Inc.*, 679 F.2d at 1354. Courts generally approve Rule 23 class action settlements when they are fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(E).

After due consideration and inquiry into the circumstances surrounding the proposed settlement of Plaintiffs' collective FLSA claims and Rule 23 class claims under the NCWHA against Defendant, and review of the Agreement, I find and conclude that the proposed settlement in this case meets the standard for approval as it reflects a reasonable compromise of a bona fide dispute. I find and conclude that the proposed settlement is just and reasonable and in the best interest of the Parties. I further find the settlement to have been reached in good faith. I further find that the Parties' Agreement is fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e). The Court finds that the class representative, Named Plaintiff Charie Autry, and Class Counsel have adequately represented the class and that the settlement proposal was negotiated at

arm's length.  The Court further finds that the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the class; (iii) the terms of the proposed award of attorney's fees, including timing of payment; and (iv) the Parties' Class Action Settlement Agreement.  The Court also finds that the settlement proposal treats class members equitably relative to each other.  *See* Fed. R. Civ. P. 23(e)(2)(A)-(D).

AND NOW, this 17th day of December, 2018, upon consideration of Plaintiff's unopposed motion for final approval of Class Action Settlement Agreement and approval of attorneys' fees and costs, the Court grants Plaintiff's motion and ORDERS as follows:

1. The Parties' Class Action Settlement Agreement is finally approved as fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(E), and a fair and reasonable resolution of a *bona fide* dispute under the Fair Labor Standards Act.  As a result, the terms of the Parties' Class Action Settlement Agreement are approved and incorporated herein (*see* Exhibit 1 to Memorandum in Support of Plaintiff's Unopposed Motion for Preliminary Approval of Rule 23 Class Action and FLSA Collective Action (doc. # 30));

2. For settlement purposes only, the following Settlement Class is finally certified pursuant to Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b):

> Every individual employed by Defendant as a server, server assistant, runner and/or bartender during any workweek between November 18, 2013 and August of 2017;

3. Plaintiff Charie Autry is approved as the Representative of the Settlement Class, and the proposed service award as outlined in the Agreement to Plaintiff Autry for her service to the Settlement Class is approved;

4. Gibbons Leis, PLLC and Stephan Zouras, LLP are approved as Class Counsel to the Settlement Class;

5. Plaintiff's unopposed request for attorneys' fees and costs is granted, and fees and costs as outlined in the Agreement are approved;

6. RG2 Claims Administration LLC is approved as Settlement Administrator and the costs of the settlement administration shall be paid by Defendant.

7. The Court finds the dissemination of the Class Action Settlement Notice was accomplished as directed, constituted the best notice practicable under the circumstances and met the requirements of due process;

8. All of the Participating Class Members' released claims (including unknown claims) are hereby discharged with prejudice as to all Participating Class Members, and all Participating Class Members are barred and permanently enjoined from prosecuting, commencing or continuing any and all released claims;

9. The Court directs the settlement funds be distributed in accordance with the terms of the Class Action Settlement Agreement;

10. The Court hereby directs the entry of final judgment in this case and dismisses this action with prejudice in its entirety in accordance with the terms of the Class Action Settlement Agreement. The Clerk of the Court is ordered to enter Final Judgment in this action adjudicating all the claims and all the Parties' rights and liabilities pursuant to Rule 54(b) of the Federal Rules of Civil Procedure;

11. The Court shall retain jurisdiction over this action and the Parties to administer, supervise, interpret, and enforce the Agreement, until all obligations pursuant to the Agreement are satisfied.

IT IS SO ORDERED.

Signed: December 17, 2018

Graham C. Mullen
United States District Judge